ON REHEARING
HEARD, Judge.
In our original opinion we awarded judgment to Campbell Construction Company, Inc. against Barnhill Brothers, Inc. and C. E. Williams Construction Company, Inc. Williams and Barnhill applied for and were granted a rehearing. We adopt the facts as stated in our original opinion.
The questions presented on rehearing are whether the contract between Barnhill-Williams and Campbell had been “substantially performed” prior to Campbell’s takeover from Williams, and the amount due Campbell for finishing the remainder of the sub-contract.
In support of his contention that Williams had “substantially” completed the contract at the time he left the job, counsel for Williams relied on statements in the record that the job was 98% complete, and that as of Estimate No. 19, the estimate before Campbell took over, only $82,738.-17 of a $376,221.77 contract remained to be completed.
Counsel failed to take into consideration the meaning of the doctrine of “substantial compliance” as recognized by our jurisprudence. Louisiana Civil Code art. 2769 states:
“If an undertaker fades to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.”
The Louisiana jurisprudence has modified the impact of the codal article by recognition of the “substantial compliance” doctrine. The court stated in Merrill v. *781 Harang, 198 So. 386 (La.App., 1st Cir. 1940):
“A substantial compliance with a building contract is all that is required, and the owner cannot escape payment of the contract price because of minor and unimportant deviations from the contract, or because of the failure to complete the work in minor details. Dugue v. Levy, 114 La. 21, 37 So. 995; Peterson v. Peralta, 3 La.App. 516.” [198 So. 386, 388]
It was stated in Aireo Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880:
“The principal question presented in this case is whether or not there has been substantial performance so as to permit recovery on the contract. This is a question of fact. Among the factors to be considered are the extent of the defect or nonperformance, the degree to which the purpose of the contract is defeated, the ease of correction, and the use or benefit to the defendant of the work performed.” [134 So.2d 880, 882]
The principle announced in this case was followed in Breaux v. Co-operative Cold Storage Builders, Inc., 187 So.2d 1 (La. App., 1st Cir. 1966).
If the object cannot be used for the purpose intended because of non-compliance, there is no substantial compliance.
We find that there was no substantial compliance here. When Williams left the job on July 27, 1962 a large portion had not been completed to contract specifications. When Campbell took over, all but a small portion of the sand-shell shoulders had to be compacted. Compaction plus the cost of the sand-shell accounted for almost one-half the sub-contract. Campbell was also left with completing the shoulder slopes, seeding, watering, fencing and dressing up the job to fulfill Williams’ subcontract. It is clear that the highway could not be used on July 27, 1962 for the purposes intended. Therefore, there was no substantial compliance.
Williams alleged that Campbell’s charges for his work were unreasonable; that the payroll was padded, and equipment claims exaggerated, yet Williams admitted that he never went back to the Lafayette-Billeaud job site after he quit. There is no evidence in the record of his making any effort to jointly supervise Campbell’s work.
Our original opinion states that a complete, comprehensive and detailed accounting of the work done on the construction was completed by Campbell and evidence supported the claim. We find no evidence to warrant a contrary result.
We are finally asked by Williams to find that he was not credited for all the work performed or for retainage held by the Department of Highways that was earned before he left. Williams asserts he was not credited with the following:
For retainage $14,674.18
Sand-shell furnished on the Sunset project 3,932.62
Over-runs on common excavation, special borrow and overhaul on excavation 22,551.55
Total $41,158.35
However, a careful study of Estimate 29, the final estimate shows that Williams was given full credit for all the over-run items before deducting the amount expended by Campbell in completing the sub-contract. As for retainage, Estimate 29 gives Williams credit for the gross amount earned and makes no deduction for retainage. The amount owed Williams for the sand-shell was deducted from the balance due Campbell on Estimate No. 29.
It is stipulated between counsel for C. E. Williams Construction Company, Inc. and counsel for Barnhill Brothers, Inc. that should Barnhill be cast in any amount in this law suit it in turn should have judg *782 ment in like amount against C. E. Williams Construction Company, Inc.
For the reasons assigned, there is now judgment herein in favor of Barnhill Brothers, Inc., over against C. E. Williams Construction Company, Inc., for the full sum of $28,634.69, with legal interest thereon from judicial demand until paid, and, as thus amended, our original decree is reinstated and made the final judgment of this court.